NO. 07-07-0470-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 30, 2007
______________________________

SHANA LAYNE MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,764-E; HONORABLE ABE LOPEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ABATEMENT AND REMAND
          In December 2005, appellant Shana Layne Miller plead guilty to possession of a
controlled substance. The court deferred adjudication of her guilt and placed appellant on
community supervision for a period of three years. The State filed a motion to adjudicate
her guilt earlier this year, and on October 11, 2007, appellant entered a plea of “true” to
violations alleged in the State’s motion. The trial court adjudicated appellant guilty of the
controlled substance offense and assessed punishment at eighteen months in a State Jail
Facility and a $500 fine. Imposition of this sentence was suspended and appellant again
was placed on community supervision for a period of three years.
          In a letter dated November 5, 2007, appellant indicated to the trial court her intent
to appeal. Although the letter expresses some ambivalence about appellant’s decision to
appeal the trial court’s order, we accepted it as appellant’s notice of appeal.


 Appellant’s
letter makes reference to her efforts to contact her court-appointed attorney following her
October 11 court appearance.


 
          Given the foregoing, we now abate this appeal and remand the cause to the trial
court for further proceedings. On remand, the trial court shall utilize whatever means
necessary to determine the following: 
          1. Whether appellant truly desires to prosecute the appeal;
          2. If so, whether appellant is indigent and entitled to appointed counsel; and
          3. If so, whether appellant’s present counsel will pursue the appeal or the
appointment of new counsel is necessary. 
          Should it be determined that appellant does want to continue the appeal and is
indigent, and that new counsel should be appointed, the trial court shall appoint new
counsel to represent appellant in this appeal. If new counsel is appointed, the name,
address, telephone number, and state bar number of newly appointed counsel shall be
included in an order appointing counsel. If necessary, the trial court shall execute findings
of fact, conclusions of law, and any necessary orders it may enter regarding the
aforementioned issues and cause its findings, conclusions, and orders, if any, to be
included in a supplemental clerk’s record. A supplemental reporter’s record of the hearing,
if any, shall also be included in the appellate record. Finally, the trial court shall file the
supplemental clerk’s record and the supplemental reporter’s record, if any, with the Clerk
of this Court by December 31, 2007.
          It is so ordered. 
 
                                                                           Per Curiam
 
Do not publish.